# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

ORLANDO OLIVAR,

          Petitioner,

  V.

DAVID MARIN, ET AL.,

          Respondents.

No.: 5:26-CV-2120-AB

**ORDER GRANTING PETITIONER'S REQUEST FOR ORDER FOR STAY REMOVAL UNDER ALL WRITS ACT [DKT. NO. 13]**

On Friday, April 24, 2025, Petitioner filed a Petition for Writ of Habeas Corpus ("Habeas Petitioner," Dkt. No. 1) and Motion for a Temporary Restraining Order ("Motion," Dkt. No. 3). On Monday, April 27, 2026, this Court ordered Respondents to file a response by 12:00 pm PST on Wednesday, April 29, 2026. *See* Dkt. No. 11. On April 27, 2026, Respondents filed a Notice of Intended Removal ("Notice of Intended Removal," Dkt. No. 12) pursuant to General Order 26-05, indicating that they intend to remove Petitioner in two court days or shortly thereafter. Notice of Intended Removal at 2.  On Tuesday, April 28, 2026, Petitioner filed a Request for Order for Stay Removal Under All Writs Act ("Request," Dkt. No. 13) to halt Petitioner's removal pending the resolution of this litigation.

Under the All Writs Act, a district court may "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. Several courts have interpreted this to mean a "federal court may temporarily enjoin immigration authorities from deporting individuals if it preserves the court's jurisdiction over a case." *Du v. Dept. of Homeland Sec.*, 2025 WL 1317944, at *1 (D. Conn. Apr. 24, 2025); *see also Zheng v. Noem*, 2026 WL 431141, at *1 (C.D. Cal. Feb. 13, 2026) (invoking the All Writs Act to "preserve the Court's jurisdiction pending a ruling in this matter, [and order] that Petitioner shall not be removed from the United States unless and until the Court orders otherwise"); *Aisara v. Marrero*, 2026 WL 701593, at *1 (S.D. Cal Mar. 11, 2026) (finding a "limited stay is necessary to preserve the *status quo* to allow the Court to provide a reasoned decision on the pending application"); *Archer v. Blanche*, 2026 WL 949052, at *2 (D. Ariz. Apr. 8, 2026) (holding the court has "jurisdiction to order Respondents not to remove Petitioner from the United States in order to preserve the [c]ourt's jurisdiction over the claims during the pendency of this case").

At this juncture, the Court has yet to rule on Petitioner's Habeas Petition and TRO Application, which raise legitimate issues related to Petitioner's detention. Moreover, Petitioner is a defendant in an ongoing criminal prosecution, set to go to trial later this year. If Petitioner is removed, the Court will lose jurisdiction over this matter as it will become moot. Based on this, the Court exercises its powers pursuant to the All Writs Act to preserve its jurisdiction in this case. The Court GRANTS Petitioner's request and ORDERS:

1. Respondents, and their officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with them, are hereby ENJOINED AND RESTRAINED from transferring Petitioner outside the Central District of California or removing him from the United States.

2

Proposed Order

2.  This Order shall remain in effect until this Court issues its order on the TRO Application or further Order of this Court, whichever comes first.

**IT IS SO ORDERED.**

Dated: April 29, 2026

_____

HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE

Proposed Order